IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALICIA CLAYTON, Individually and as Representative of the Estate of Christopher Marlin, Deceased, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. **3:19-cv-03006-L** |
| U.S. XPRESS, INC., U.S. XPRESS LEASING, INC., U.S. EXPRESS ENTERPRISES, INC., AND MARKETHE BECAN, | § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant U.S. Xpress, Inc., U.S. Xpress Leasing, Inc., U.S. Xpress, Enterprises, Inc., and Markethe Becan's (collectively, "Defendants") Motion for Summary Judgment (Doc. 10), Brief in Support (Doc. 11), and Appendix (Doc. 12) filed October 22, 2020; Plaintiff Alicia Clayton's ("Plaintiff" or "Ms. Clayton") Response (Doc. 14); and Defendants' Reply (Doc. 15). After careful consideration of the motion, appendix, briefs of the parties, and applicable legal authority, the court **grants** Defendants' Motion for Summary Judgment.

### I. Factual and Procedural Background

On November 6, 2019, Ms. Clayton initially filed this action against Defendants in the 193rd Judicial District Court of Dallas County, Texas, alleging violations of the Texas Civil Practice and Remedies Code § 71.001-71.012 (Texas Wrongful Death Statute) and the Texas Civil Practice § 71.021 (Texas Survival Statute). Ms. Clayton also asserts claims of negligence against Markethe Becan and the Corporate Defendants. These claims arise out of and relate to the death of Ms.

**Memorandum Opinion and Order – Page 1**

Clayton's biological father Christopher Marlin ("Mr. Marlin" or "Decedent") who was killed in a motor vehicle accident between a Freightliner truck, owned and operated by the Corporate Defendants, and Mr. Marlin's motorcycle. On December 19, 2019, Defendants removed this action to federal court based on diversity jurisdiction.

In Defendants' Motion for Summary Judgment, they establish that Plaintiff was formally adopted by her stepfather Christopher Clayton as an adult prior to Mr. Marlin's death. They argue that when she was adopted by Mr. Clayton as an adult, the parent-child relationship between her and Mr. Marlin terminated. Defendants assert that Plaintiff is not an heir of Mr. Marlin and, therefore, lacks capacity to assert a survival action on behalf of his estate. Further, they argue that Plaintiff lacks standing to assert a wrongful death claim because her adoption as an adult prior to the death of Mr. Marlin divested her and Mr. Marlin of all legal rights, privileges, duties, and powers with respect to each other.

In Plaintiff's Response, she argues that the parent-child relationship between her and Mr. Marlin was never terminated because termination must be explicitly ordered and was not done in this case. As such, Plaintiff asserts that her right to bring a wrongful death claim is unchanged, despite her adoption. She does not respond to Defendants' arguments regarding the survival action.

In Defendants' Reply, they argue that, while termination of a parent's rights with respect to a minor child is not automatic, termination of a parent's rights with respect to an adult child is automatic. The court agrees.

## II. Undisputed Facts

For the purposes of this Motion, the following facts are undisputed:

- Plaintiff's mother Cynthia Clayton married Mr. Clayton in November 2000, when Plaintiff was seven years old.

**Memorandum Opinion and Order – Page 2**

- Mr. Clayton adopted Plaintiff on April 6, 2015, when she was twenty-one years old.
- The motor vehicle accident that resulted in Mr. Marlin's death occurred on November 9, 2017.

III. **Summary Judgment Standard**

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780

F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita*, 475 U.S. at 587. (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

IV. Analysis

A party must have both standing to sue and capacity to sue. *Austin Nursing Ctr., Inc. v. Lovato,* 171 S.W.3d 845, 848 (Tex. 2005) (citation omitted). "A plaintiff has *standing* when [she] is personally aggrieved, regardless of whether [she] is acting with legal authority; a party has *capacity* when [she] has the legal authority to act, regardless of whether [she] has a justiciable

interest in the controversy." *Nootsie, Ltd. v. Williamson Cnty. Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex. 1996) (citation omitted).

### A. Plaintiff's Claim Under the Texas Wrongful Death Statute

To advance a wrongful death claim, "[t]he decedent's surviving spouse, children, and parents are the statutory beneficiaries for purposes of bringing a wrongful death action. The Wrongful Death Act seeks to compensate the decedent's statutory beneficiaries for their loss of future care, maintenance, and support." *Davis v. Bills*, 444 S.W.3d 752, 757 (Tex. App.—El Paso 2014, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 71.004 (West 2008); *Russell v. Ingersoll–Rand Co.,* 795 S.W.2d 243, 247 (Tex. App.—Houston [1st Dist.] 1990), *aff'd,* 841 S.W.2d 343 (Tex.1992)). Here, the issue the court must determine is whether Ms. Clayton is a child of Mr. Marlin. While the Wrongful Death statute identifies persons who may sue on behalf of decedents, it does not specify who qualifies as a child. The court, therefore, must look to the Family Code to determine whether a person adopted as an adult, as was Ms. Clayton, falls within the definition of a child as one who can sue on behalf of Mr. Marlin under the Wrongful Death Act.

Texas courts have precluded recovery under the Texas Wrongful Death statute for children who have been adopted by others and are seeking to sue on behalf of or through their natural parents. In *Go International, Inc. v. Lewis*, the court stated:

> [U]pon adoption, all legal rights, privileges, duties and powers between the natural parent and the child with respect to each other are divested upon the adoption. Hence, if the Legislature had intended to make an exception with regard to those rights which accrue under the wrongful death statute, it could easily have said so. We hold that the two adopted children [are] no longer "children" within the statute.

601 S.W.2d 495, 499 (Tex. App.—El Paso 1980, writ ref'd n.r.e.) (citations omitted). In other words, the express holding of this case is that, for purposes of the Wrongful Death statute, adopted children are no longer children of their natural parents. *See also Haley v. Nova Rsch.*, *Inc.*, No. CIV.A. 303CV2749N, 2005 WL 701036, at *2 (N.D. Tex. Mar. 24, 2005).

Memorandum Opinion and Order – Page 5

Ms. Clayton argues that, because there has been no termination of parental rights regarding her biological father, she may still bring suit. She misapprehends the applicable law regarding this issue, as she is basing her interpretation on the adoption of a minor child. Ms. Clayton conflates two relevant statutes under the Family Code—that section of the Family Code dealing with the adoption of a minor child and that dealing with the adoption of an adult. The Texas statute dealing with the adoption of a minor child provides as follows:

> Sec. 162.001. Who may adopt and be adopted. (a) Subject to the requirements for standing to sue in Chapter 102, an adult may petition to adopt a child who may be adopted.
>
> (b) A child residing in this state may be adopted if:
>
> (1) the parent-child relationship as to each living parent of the child has been terminated or a suit for termination is joined with the suit for adoption;
>
> (2) the parent whose rights have not been terminated is presently the spouse of the petitioner and the proceeding is for a stepparent adoption;
>
> (3) the child is at least two years old, the parent-child relationship has been terminated with respect to one parent, the person seeking the adoption has been a managing conservator or has had actual care, possession, and control of the child for a period of six months preceding the adoption or is the child's former stepparent, and the nonterminated parent consents to the adoption; or
>
> (4) the child is at least two years old, the parent-child relationship has been terminated with respect to one parent, and the person seeking the adoption is the child's former stepparent and has been a managing conservator or has had actual care, possession, and control of the child for a period of one year preceding the adoption.

Tex. Fam. Code Ann. § 162.001 (West 2020).

The statute dealing with the adoption of an adult provides as follows:

> Sec. 162.503. Requirements of Petition. (a) A petition to adopt an adult shall be entitled "In the Interest of _____, An Adult."
>
> (b) If the petitioner is married, both spouses must join in the petition for adoption.

> Sec. 162.504. Consent. A court may not grant an adoption unless the adult consents in writing to be adopted by the petitioner.
>
> Sec. 162.505. Attendance Required. The petitioner and the adult to be adopted must attend the hearing. For good cause shown, the court may waive this requirement, by written order, if the petitioner or adult to be adopted is unable to attend.
>
> Sec. 162.506. Adoption Order. (a) The court shall grant the adoption if the court finds that the requirements for adoption of an adult are met.
>
> (b) Notwithstanding that both spouses have joined in a petition for the adoption of an adult as required by Section 162.503(b), the court may grant the adoption of the adult to both spouses or, on request of the spouses, to only one spouse.
>
> Sec. 162.507. Effect of Adoption. (a) The adopted adult is the son or daughter of the adoptive parents for all purposes.
>
> (b) The adopted adult is entitled to inherit from and through the adopted adult's adoptive parents as though the adopted adult were the biological child of the adoptive parents.
>
> (c) The adopted adult may not inherit from or through the adult's biological parent. A biological parent may not inherit from or through an adopted adult.

Tex. Fam. Code Ann. § 162.503-162.507 (West 2020).

With respect to the adoption of a minor child, the statute specifically requires that there be a termination order severing the rights of the biological parents. On the other hand, the statute pertaining to the adoption of an adult does not include language requiring an order of termination. The Texas legislature specifically did not include any reference to a termination order regarding the adoption of an adult child. When a person is adopted as an adult, such adult is no longer under the legal disabilities that bind a minor child. An adopted adult can make his or her own decisions and does not need the consent or permission of the parents to do so. Moreover, if the Legislature intended to include an order of termination with respect to an adult adoption, it clearly could have incorporated and included such intent in the statute. By asserting that there is no termination order, Plaintiff attempts to read into the statute a provision that does not exist. For these reasons, Plaintiff

does not qualify as a child of Mr. Marlin, and is, therefore, not his statutory beneficiary. Because she is not a statutory beneficiary, she does not have standing or capacity to assert a wrongful death claim on his behalf. The court will deny her wrongful death claim because there is no genuine dispute of material fact regarding this claim, and Defendants are entitled to judgment as a matter of law.

### B. Plaintiff's Claim Under the Texas Survival Statute

While Plaintiff responded to Defendants' Motion for Summary Judgment with respect to the wrongful death claim, she did not address or respond to the Motion regarding her claim under the Texas Survival statute. She has, therefore, abandoned or waived this claim. *See Black v. North Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) (concluding that the plaintiff's failure "to defend her retaliatory abandonment claim in both responses to defendant's motion to dismiss" and "her failure to pursue this claim beyond the complaint constituted abandonment" of the claim) (citation omitted.); *see also United States v. Stanley,* 595 F. App'x 314, 317 (5th Cir. 2014) (stating that a party's failure to raise an issue or defense in response to a dipositive motion constitutes waiver, and the subsequent filing of a motion to reconsider does not abrogate the waiver).

Even if Ms. Clayton has not abandoned or waived this claim, it fails because she is not an heir. The Texas Survival Act provides that, "a decedent's heirs, legal representatives, and estates may bring actions for personal injuries the decedent sustained prior to his death. The purpose of the survival act is to continue the decedent's cause of action beyond death to redress the decedent's estate for the injuries the decedent suffered while alive." *Davis*, 444 S.W.3d at 757 (citing Tex. Civ. Prac. & Rem. Code Ann. § 71.021 (West 2008); *Borth v. Charley's Concrete Co.,* 139 S.W.3d 391, 395 (Tex. App.—Fort Worth 2004, pet. denied)). As the Family Code establishes that persons who are adopted as adults cannot inherit from their biological parents and are not the heirs of their

biological parents, Ms. Clayton is not an heir of Mr. Marlin. This is so because, under Texas law, an adopted adult is completely severed from the natural parent with respect to any inheritance and, therefore, cannot be an heir. Since Ms. Clayton is not an heir of Mr. Marlin, she lacks standing and capacity to bring her survival claim. Accordingly, there is no genuine dispute of material fact, and Defendants are entitled to judgment as a matter of law on this claim.

### C. Defendants' Other Arguments

Defendants also argue that summary judgment should be denied because Ms. Clayton has not pled or proved that she is the administrator of the estate, that an administration for the estate is not pending, or that an administration for the estate is not needed. Having determined that Plaintiff lacks standing and capacity to sue, the court need not address these arguments asserted by Defendants for summary judgment.

### V. Conclusion

Ms. Clayton has no standing to sue because she has no legally cognizable relationship to Mr. Marlin under the statues and, thus, is not personally aggrieved by his death. Likewise, she has no capacity to sue because she has no legal authority to assert a claim under the statutes. Accordingly, the court determines that no genuine dispute of material fact exists with respect to any claims asserted by Ms. Clayton, and Defendants are entitled to judgment as a matter of law on all claims. The court **grants** Defendants' Motion for Summary Judgment (Doc. 10) and **dismisses with prejudice** this action. The court will issue a judgment in favor of Defendants by separate document in accordance with Federal Rule of Civil Procedure 58.

**It is so ordered** this 11th day of May, 2021.

Sam A. Lindsay
United States District Judge